FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 0 8 2002 **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

CC. TO JUDGE

-C  0--00314 #00000039

1

6

7

8

UNITED STATES DISTRICT COURT
FOR WESTERN WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9  REYNOLDS, a division of SELKIRK<br>10  INDUSTRIES, LLC, a domestic Limited<br>Liability Company, organized and incorporated<br>11  in the State of Washington | NO.  C00-314Z |
| 12                  Plaintiff, | DECLARATION OF LARRY L  BAROKAS |
| 13            v. | |
| 14  ROLLAND E  CHRISTIANSON and JANE<br>DOE CHRISTIANSON, and their marital<br>15  community, | |
| 16                  Defendants. | |
| 17 | |

19      LARRY L. BAROKAS, under penalty of perjury, declares as follows

20      I am a partner in the firm of Barokas Martin Ahlers & Tomlinson.  This firm, and Craig

21  A.  Robertson, a former associate of this firm, represented the defendant, Rolland E

22  Christianson, in the above captioned matter

23      We moved to dismiss the case for improper venue   Memoranda were supplied to the

24  Court.  On April 27, 2000, the Court entered its Order dismissing the action without prejudice

25

26  (Exhibit A hereto).

27

28

- 1

**ORIGINAL**

*39*

BAROKAS MARTIN AHLERS & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

1    In the course of our representation, Barokas Martin Ahlers & Tomlinson incurred the

2    following fees and costs on behalf of our client:

3        Fees                    $5,735.00

4
5        Costs.                  $  556.18

6    for total fees and costs of $6,291.18

7        We billed the client  $135.00 per hour for Mr. Robertson and at $45.00 per hour and

8    $70 00 for work by paralegals   At the time, these were standard rates billed to clients

9
10       We request, therefore, that the Court enter an order providing that the proceeds  paid by

11   plaintiff into the court registry, in accordance with the Court's February 29, 2002 order (Exhibit

12   B hereto), be paid to Barokas Martin Ahlers & Tomlinson for disbursement to the defendant

13       DATED this **7** day of May, 2002

14
15                                    BAROKAS MARTIN AHLERS & TOMLINSON

16
17
18   By:
                                        Larry L  Barokas WSBA No  00483
19                                      Attorneys for Defendant Rolland E
                                        Christianson
20
21
22
23
24
25
26
27
28

BAROKAS MARTIN AHLERS & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE  (206) 621-1871
FAX (206) 621-9907

```
    d  ___ FILED        ___ ENTERED
       ___ LODGED       ___ RECEIVED

           APR 2 7 2000

              AT SEATTLE
       CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
   BY                       DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| REYNOLDS, a division of SELKIRK INDUSTRIES, LLC, a domestic Limited Liability Company, organized and incorporated in the State of Washington, | No. C00-314Z |
| Plaintiff, | ORDER |
| v. | |
| ROLLAND E. CHRISTIANSON and "JANE DOE" CHRISTIANSON, and the marital community comprised thereof, | |
| Defendants. | |

## INTRODUCTION

This matter comes before Court on defendants' Motion to Dismiss or Transfer for improper venue, docket no. 18. After consideration of the pleadings and other materials filed in support of and opposition to defendants' motion, the Court hereby GRANTS the motion to dismiss, docket no. 18, and DISMISSES this action without prejudice. As a result, the Court VACATES the Temporary Restraining Order entered by the Court on February 29, 2000, docket no. 10, and STRIKES plaintiff's pending Motion for Preliminary Injunction, docket no. 12. The hearing on the Preliminary Injunction, recently re-scheduled by the parties, is no longer necessary and is also STRICKEN.



ORDER  -1-

1                                   BACKGROUND

2          Plaintiff, Reynolds, is a Washington company that manufactures and sells grocery

3   store checkout machines.  Defendants are Rolland Christianson, a former salesperson for

4   Reynolds, and his marital community.  Reynolds claims Christianson breached a

5   confidentiality clause in his contract with Reynolds when he facilitated a sale of checkout

6   stands for a competitor of Reynolds.  Reynolds claims that Christianson's representation of a

7   competing product necessarily involves use of Reynolds' proprietary customer information.

8   Thus, Reynolds claims Christianson's conduct also constitutes misappropriation of trade

9   secrets.  Finally, Reynolds claims that any representation of competing products to its

10  customers constitutes tortious interference with business relationships and demands an

11  accounting of any such sales.  Reynolds seeks injunctive and monetary relief.

12         The facts pertaining to Reynolds' claims are as follows:  Prior to entering into a

13  contract with Reynolds, Christianson resided, and continues to reside, in Missouri.  Reynolds

14  initiated contract negotiations in Missouri when it approached Christianson at his home

15  office regarding the possibility of representing Reynolds' products in Missouri and

16  surrounding states.  *See* Christianson Decl. at 1, docket no. 21.  Further negotiations occurred

17  in Chicago, Illinois.  *See id.* at 1-2.  After several months of consideration, Christianson

18  agreed to represent Reynolds.  A contract was executed at Reynolds' home office in

19  Lynnwood, Washington.  *See id.*

20         The contract required Christianson to represent Reynolds "in soliciting and servicing

21  the customers' accounts [and] establishing new and prospective customers" in Kansas,

22  Missouri, Iowa and Nebraska, including "after sale customer service and product installation

23  effort."  *See* "Agreement with Independent Contractor as Factory Sales Representative" at §§

24  2, 3 (attached to Verified Complaint at Exhibit A, docket no. 1).  Thus, as Reynolds admits,

25  the primary purpose of the contract was "developing and maintaining customer relationships"

26  in Christianson's sales territory.  *See* Gribble Decl. at 8, docket no. 27.  Accordingly,

ORDER  -2-

1  Reynolds also concedes that Christianson's day to day interactions with customers occurred

2  largely within his four state territory. *Id.* at 7. However, Christianson visited this district on

3  occasion to attend company sales meetings and training at Reynolds' office in Lynnwood,

4  and had "thousands" of communications with that office (presumably by phone, fax, or e-

5  mail) regarding sales he had made to customers. *See id.* at 7.

6       However, with regard to the specific conduct giving rise to Reynolds' claims in this

7  case, none of the acts or omissions complained of occurred in this district. In its complaint

8  Reynolds alleges that Christianson breached his contract by representing the products of a

9  direct competitor. Reynolds' allegations center around a Reynolds customer, Fleming Food

10 Companies. Complaint at 5, docket no. 1. Fleming, acting as an intermediary and selling to

11 the ultimate consumer, had already selected a competitor of Reynolds to supply the product.

12 Thereafter, Christianson allegedly submitted a bid directly to the ultimate consumer on

13 behalf of a third party, causing Fleming to lose the job. Although Reynolds had already lost

14 the job prior to Christianson acting on behalf of a third party, Reynolds claims Christianson's

15 conduct "bruised" its relationship with Fleming. Reply at 3, docket no. 33. All of these

16 events allegedly occurred in Nebraska. *See* Complaint at 5. The third party allegedly

17 represented by Christianson was Killion Industries, located in California. Reynolds also

18 alleges similar breaches with respect to Christianson's representation of Killion products to

19 Hy Vee stores. All of the alleged acts and omissions relating to Hy Vee stores occurred in

20 Cristianson's four state sales territory. *See* Complaint at 7-8. Finally, Reynolds alleges that

21 its suspicions were confirmed when Christianson was observed representing Killion products

22 at a trade show in San Francisco. Complaint at 8-9.

23                          DISCUSSION

24      Under 28 U.S.C. § 1391(a), venue in a diversity action is proper in 1) a judicial

25 district where any defendant resides, if all defendants reside in the same state, or 2) a judicial

26 district "in which a substantial part of the events or omissions giving rise to the claim

ORDER  -3-

1 | occurred . . ." Defendants reside in Missouri. Thus, the question here is whether a

2 | substantial part of the events giving rise to Reynolds' claims occurred in the Western District

3 | of Washington.

4 |        Based on the facts as described above, Christianson argues that venue in this district is

5 | not proper because his conduct in this district was not a substantial part of the alleged acts or

6 | omissions giving rise to Reynolds' claims. *See* Plaintiff's Memo in Support at 4-5, docket

7 | no. 18.

8 |        In *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1985),

9 | the Ninth Circuit held that a claim for breach of contract "occurs" at the place of

10 | performance. *Decker Coal* was decided before the 1990 amendments to the venue statute,

11 | amendments that were intended to make clear that venue could properly lie in more than one

12 | district, even if activities in another district were more substantial or even the most

13 | substantial. *See* 28 U.S.C.A. §1391, Comments to Subdivision (a), Clause (2) (at pg. 9). *See*

14 | *also e.g., Sacody Technologies, Inc. v. Avant, Inc.*, 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994).

15 | Thus, to the extent *Decker Coal* stands for the proposition that venue in a breach of contract

16 | case lies <u>only</u> in the district where performance under the contract was intended to take place,

17 | it is no longer good law. Nevertheless, the Court notes that the Ninth Circuit followed the

18 | "substantial contacts" test prior to the change of statute and, in fact, the present language of

19 | the statute is the test used by the *Decker Coal* Court. *See* 805 F.2d at 842 ("A claim arises in

20 | <u>any</u> district in which a substantial part of the acts, events, or omissions occurred that gave

21 | rise to the claim.") (emphasis added). Accordingly, the Court concludes that while *Decker*

22 | *Coal* does not control the outcome here, it remains good authority for the proposition that the

23 | intended place of performance is an important factor in determining whether venue is proper

24 | in a breach of contract case.

25 |        In a case prior to *Decker Coal*, the Ninth Circuit applied a "significant contacts" test

26 | to determine whether venue was proper in a claim for breach of contract. *See Data Disc, Inc*

ORDER -4-

Case 2:00-cv-00314-TSZ    Document 39    Filed 05/08/2002    Page 8 of 20

1    *v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977). In that case, the

2    Court determined that venue was proper because some of the negotiations were carried out in

3    the district, the contract was executed in the district, telephone communications were

4    received in the district, and the defendant's employees traveled to the district to engage in

5    work related to the contract. *See Data Disc*, 577 F.2d at 1284, 1289-90.

6           Similarly, it appears that district courts applying the new statutory language to

7    contract actions look to a number of factors, "including where the conduct underlying the

8    breach occurred and where performance under the contract was to take place." *PKWare, Inc.*

9    *v. Meade*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000). Communications to or from the

10   district in which the claim is filed may also be considered, but only if there is a "sufficient

11   relationship between the communication and the cause of action." *Id. See also Etienne v.*

12   *Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1181 (D. Kan. 1998) (distinguishing *Decker Coal*

13   and stating that factors to be considered are place of negotiation, place of execution, place of

14   performance, and place of breach).

15          Considering all of these factors, the Court concludes, in the context of the entire

16   transaction, that the acts or omissions that took place in this district were not substantial in

17   relation to Reynolds' claims. Contract negotiations were initiated by Reynolds in Missouri.

18   Further negotiations took place in Chicago. Performance was to take place in Kansas,

19   Missouri, Iowa and Nebraska. All of the alleged acts underlying the breach took place in

20   Missouri, Nebraska, and possibly California. Although the contract was executed in this

21   district, as far as the evidence shows, execution of the contract was a formality that occurred

22   after negotiations were initiated and concluded elsewhere. Christianson's presence in the

23   district was only occasional. His communications into the district were generally connected

24   to his contractual relationship with Reynolds, but there is no allegation that any of these

25   communications was directly related to the events giving rise to Reynolds' claims. *See*

26

ORDER -5-

1   *PKWare*, 79 F. Supp. 2d at 1016 (communications into district must be sufficiently related to

2   cause of action in order for venue to lie).

3          Contrary to Reynolds' position, this Court need not give "deference" to a plaintiff's

4   choice of venue. The cases cited by Reynolds do not construe the applicable statutory venue

5   language but rather address the standards for "forum non conveniens." It is well settled that

6   venue is directed to the convenience of the witnesses and of the defendant, but not the

7   plaintiff. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979). This is true even

8   under the new statutory language, which retains Congress' intent that courts "focus on the

9   "relevant activities of the defendant, not of the plaintiff." *Woodke v. Dahm*, 70 F.3d 983, 985

10  (8th Cir. 1995). Thus, "the protection of defendants" remains "a relevant consideration in

11  venue matters." *Id*. Similarly, Reynolds' insistence that Christianson "purposely availed"

12  himself of the benefits of doing business in this district is not the proper inquiry. While such

13  "minimum contacts" would provide personal jurisdiction, contacts with the forum must be

14  "substantial" in relation to plaintiff's claims in order for venue to lie.

15         Finally, although the parties do not address plaintiff's other claims, the Court notes

16  that the tort and misappropriation claims are as tenuously connected to this district as is the

17  breach of contract claim since all acts underlying these claims took place outside this district.

18  Similarly, any accounting relates to third party sales not involving Reynolds, all outside this

19  district. In sum, Christianson's contacts with this forum, while generally connected to his

20  contractual relationship with Reynolds, has nothing directly to do with Reynolds' claims and

21  are, in that respect, insubstantial and do not meet the statutory venue requirements.

22         Under 28 U.S.C § 1406(a), defects in venue require dismissal or, if justice requires,

23  transfer to any district in which venue would be proper. Plaintiff makes no argument that the

24  circumstances of this case require transfer rather than dismissal. Accordingly, this action is

25  DISMISSED without prejudice.

26

ORDER  -6-

1    IT IS SO ORDERED.

2    DATED this ___26__ day of April, 2000.

3

4

5    _____
     THOMAS S. ZILLY
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER -7-

**COPY RECEIVED**

FILED _____ _____ **MAR 0 3 2000**

LODGED _____ _____

FEB 28 2000  PM **BAROKAS & MARTIN**

FILED
LODGED
ENTERED
RECEIVED

FEB 29 2000

CLERK AT SEATTLE
U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CLERK U.S. DISTRICT CT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYNOLDS, a division of SELKIRK INDUSTRIES LLC, a domestic Limited Liability Corporation, organized and incorporated in the State of Washington, <br><br> Plaintiff, <br><br> v. <br><br> ROLLAND E. CHRISTIANSON, and "JANE DOE" CHRISTIANSON, and the martial community comprised thereof, <br><br> Defendants. | ) <br> ) No. **C00-314** <br> ) <br> ) <br> ) ORDER GRANTING <br> ) PLAINTIFF'S MOTION FOR <br> ) TEMPORARY RESTRAINING <br> ) ORDER (PROPOSED) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

THIS MATTER came on for hearing before the undersigned Judge/Magistrate of the above-captioned Court on February 28, 2000. The Court has considered the records and files contained herein, including:

1.    Plaintiff's Verified Complaint for Injunctive Relief and Damages, February 28, 2000;

2.    The Affidavit of A. Richard Maloney and Exhibits "A" through "E" attached thereto, February 28, 2000;

3.    Memorandum in Support of Plaintiff's Motion for a Temporary Restraining

ORDER GRANTING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
(PROPOSED) - PAGE 1

LAW OFFICES OF
A. RICHARD MALONEY
A PROFESSIONAL LIMITED LIABILITY COMPANY
WELLS FARGO CENTER
999 THIRD AVENUE SUITE 3800
SEATTLE WASHINGTON 98104-4023
(206) 224-6215

**ORIGINAL**

Order.

Thus, having been fully and duly advised, the Court makes the following findings:

1.      That Plaintiff has demonstrated a likelihood of prevailing on the merits at the time of trial;

2.      That it clearly appears from specific facts shown by the Verified Complaint that immediate and irreparable injury, loss or damage will result to the Plaintiff before the adverse party or that party's attorney can be heard in opposition;

3.      Plaintiff's Attorney has certified to the Court, in writing, the efforts which have been made to give the notice and the reasons supporting the claim that notice should not be required.

THUS, the Court hereby ORDERS, ADJUDGES AND DECREES that Plaintiff's Motion for a Temporary Restraining Order is hereby GRANTED.

Defendant Rolland E. Christianson (hereinafter "Christianson") is ORDERED as follows:

1.      To refrain from disclosing or using any confidential, proprietary, or trade secret information that he obtained at any time during his representation of Reynolds.

2.      Requiring Christianson to immediately cease his representation of or employment with Killion, or with any other person or entity competing with Reynolds, denominated in paragraph 2.25 of Plaintiff's Verified Complaint and listed in Exhibit "C," attached hereto.

ORDER GRANTING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
(PROPOSED) - PAGE 2

LAW OFFICES OF
A. RICHARD MALONEY
A PROFESSIONAL LIMITED LIABILITY COMPANY
WELLS FARGO CENTER
999 THIRD AVENUE, SUITE 3800
SEATTLE WASHINGTON 98104-4023
(206) 224-6215

1

2      3.    Requiring that Christianson cease all communications with purchasers of

3   grocery checkout systems which Christianson made sales to on behalf of Reynolds between

4   the years 1998 and 2000, inclusive, as to further prospective sales of grocery checkout

5   systems only.  This relief shall not extend to Christianson's activities regarding "non-

6   competing product lines."  A list of the persons or entities with whom Christianson is

7   prohibited from communicating is provided in paragraph 2.21of Plaintiff's Verified

8   Complaint and is also attached as Exhibit "D."

9

10      3.4.    Requiring Christianson to refrain from disclosing to any person or

11  entity, except his own counsel as necessary to prepare his defense in this lawsuit, from using

12  information acquired during his representation of Reynolds which is considered confidential,

13  proprietary or trade secret, including, but not limited to: information relating to the design

14  or construction of any product of Reynolds; any Reynolds product information; information

15  concerning Reynolds' equipment, training programs, sales programs, technical services,

16  account records, pricing information, customer contacts or lists, business plans, marketing

17  plans and strategies; or, other data relating to any business activity of Reynolds.

18

19

20      5.    Requiring Christianson not to pursue, obtain, or undertake or continue in any

21  capacity any employment or representation or association or work with or by competitors of

22  Reynolds (as identified in Exhibit "C") with respect to competing product lines in any way

23  in the states of Kansas, Missouri, Nebraska or Iowa for a period of two years measured from

24

25  the date of his termination by Reynolds (February 15, 2000).  A list of these competitors

26  ORDER GRANTING PLAINTIFF'S MOTION
    FOR TEMPORARY RESTRAINING ORDER
    (PROPOSED) - PAGE 3

LAW OFFICES OF
A. RICHARD MALONEY
A PROFESSIONAL LIMITED LIABILITY COMPANY
WELLS FARGO CENTER
999 THIRD AVENUE SUITE 3600
SEATTLE, WASHINGTON 98104-4023
(206) 224-6215

1

2   ~~appears in Exhibit "C," attached.~~

3       And it is further ORDERED that Plaintiff is hereby directed to post security in the

4   amount of $1,000 to be held in the registry of the Clerk of the United States District Court

5

6   for the Western District of Washington at Seattle, pending the outcome of further

7   proceedings in this matter. Said security is required for the reason that said amount is the

8   sum which the court deems proper for the payment of such costs and damages as may be

9   incurred or suffered by Defendant, if he is found to have been wrongfully enjoined or

10  restrained.

11      This Order is hereby issued on Monday, February 25, ~~28,~~ 2000. It shall remain in effect

12

13  until March 24 ~~10,~~ 2000 unless further proceedings establish that this order should be quashed,

14  modified, or extended.

15      Plaintiff is directed to attempt to effect original service of process of a certified copy

16  of this order, proof of payment of the aforementioned security, a true and accurate copy of

17

18  the Verified Complaint, a true and accurate copy of the Affidavit of A. Richard Maloney and

19  Exhibits "A" through "E"

20      DATED this 28th of February, 2000.

21                THE UNITED STATES DISTRICT COURT FOR

22                THE WESTERN DISTRICT OF WASHINGTON
                  AT SEATTLE

23

24                By: _____

25                    Judge/~~Magistrate~~

26  ORDER GRANTING PLAINTIFF'S MOTION
    FOR TEMPORARY RESTRAINING ORDER
    (PROPOSED) - PAGE 4

LAW OFFICES OF

A. RICHARD MALONEY

A PROFESSIONAL LIMITED LIABILITY COMPANY
WELLS FARGO CENTER
999 THIRD AVENUE SUITE 3800
SEATTLE WASHINGTON 98104-4023
(206) 224-6215

1

2    Presented by·

3    LAW OFFICES OF A. RICHARD MALONEY

4

5

6

7    _____
     A. Richard Maloney, WSBA #12734

8    Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER GRANTING PLAINTIFF'S MOTION
      FOR TEMPORARY RESTRAINING ORDER
      (PROPOSED) - PAGE 5

LAW OFFICES OF
A. RICHARD MALONEY
A PROFESSIONAL LIMITED LIABILITY COMPANY
WELLS FARGO CENTER
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 224-6215

**Exhibit "C"**

The following companies are competitors of Reynolds in the grocery checkout system industry:

Accent (Palantine, Illinois)

Borroughs Mfg. (Kalamazoo, Michigan)

Bowen (Portland, Oregon)

Edwards Mfg. (Tampa, Florida)

Killion Industries (Vista, California)

Load King (Jacksonville, Florida)

Pan-Oston (Petersborough, Ontario, Canada;
Glasgow, Kentucky; Las Vegas, Nevada)

Ex. "C"

## Exhibit "D"

The following is a list of all purchasers of grocery checkout systems which Roland E. "Chris"

Christianson made sales to on behalf of Reynolds between the years 1998 and 2000:

Affiliated
Associated Wholesale Grocers
Baker's Supermarkets
Benso Refrigeration
Bill's IGA
C.W. Marrs Sales Inc.
Cadwell's Supermarket
Consumer Market
Country Market
Dierberg's Market, Inc.
Dillon Hutchinson
Fareway Stores
Gem (Fleming)
Greater Omaha Refrigeration
Hickmans IGA
Holton Country Mart
Hussman
Hy Vee Food Stores
K Mart
McKeever Food Stores
RDS
Retail Data System
Retail Equipment
SCG Company
Sapp Electric
Save-A-Lot, Ltd.
Scavuzzos's
Schnuck's
Seitter's Foodland
Smitty's
Springfield Business Systems
Supervalu
Tamimi Food Co.
Topco
William A. Straub, Inc.



```
——— FILED  ——— ENTERED
——— LODGED ——— RECEIVED

MAY 0 8 2002  MR

         AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

*CC. TO JUDGE MR*

UNITED STATES DISTRICT COURT
FOR WESTERN WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYNOLDS, a division of SELKIRK INDUSTRIES, LLC, a domestic Limited Liability Company, organized and incorporated in the State of Washington<br><br>                    Plaintiff,<br><br>        v<br><br>ROLLAND E CHRISTIANSON and JANE DOE CHRISTIANSON, and their marital community,<br><br>                    Defendants. | NO.  C00-314Z<br><br><br><br>CERTIFICATE OF SERVICE |

The undersigned, under penalty of perjury under the laws of the State of Washington, certifies that, on the date given below, she placed a copy of the Declaration of Larry L Barokas in the hands of a legal messenger for delivery to counsel for plaintiff, as follows:

> A. Richard Maloney, Esq.
> Attorney at Law
> 999 Third Avenue, Suite 3800
> Seattle, Washington 98104-4023
> Fax No 224-6219

The undersigned further certifies that, on the same date, she faxed a copy of the same documents to Mr Maloney to the fax number shown beneath his name

- 1

**ORIGINAL**

BAROKAS MARTIN AHLERS & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

1    DATED this 7th day of May, 2002.

2

3                                    MarieLouise Masinovsky

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2

BAROKAS MARTIN AHLERS & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907